**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 11 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JEFFREY S. COLLIER,

      Plaintiff-Appellant,

v.

LT. STENSING, Disciplinary
Administrator,

      Defendant-Appellee.

No. 00-3139
(D.C. No. 00-CV-3031-GTV)
(Kansas)

---

## ORDER AND JUDGMENT[*]

---

Before **SEYMOUR**, Chief Judge, **EBEL**, and **BRISCOE**, Circuit Judges.

---

Jeffrey Collier, a pro se state prisoner, brought this action under 42 U.S.C.

§ 1983 alleging that he was deprived of his due process and equal protection

rights during a prison disciplinary hearing. Following the hearing, Mr. Collier

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

was given a sanction of ten days in disciplinary segregation and a $10 fine. The district court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which authorizes the dismissal of a case prior to service of process if the court determines that the action fails to state a claim upon which relief can be granted. Mr. Collier appeals and we affirm.

On appeal Mr. Collier contends that he had a liberty interest in connection with disciplinary segregation arising from the applicable state regulations, and that the hearing officer denied him due process in connection with this interest by refusing to consider relevant evidence or allow him to have an evidentiary hearing to question witnesses.[1]

In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court rejected the notion that a liberty interest can arise on the basis of the language of a particular regulation and focused instead on the nature of the deprivation, holding that while "States may under certain circumstances create liberty interests which are protected by the Due Process Clause[,] . . . these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate

---

[1] Mr. Collier alleged no facts in support of his equal protection claim below, and has offered no argument in support of it on appeal. Accordingly, we do not consider it further.

in relation to the ordinary incidents of prison life." *Id.* at 483-84.

In determining that the confinement at issue in *Sandin* did not constitute the type of atypical, significant deprivation giving rise to a protected liberty interest,

> the Court carefully examined the specific conditions of the prisoner's confinement. The Court determined that the prisoner's conditions essentially "mirrored those conditions imposed upon inmates in administrative segregation and protective custody," so the prisoner's "confinement did not exceed similar, but totally discretionary, confinement in either duration or degree of restriction."

*Perkins v. Kansas Dep't of Corrections*, 165 F.3d 803, 808-08 (10th Cir. 1999) (quoting *Sandin*, 515 U.S. at 486). While Mr. Collier correctly observes that the circuits have differed in characterizing the comparison required by *Sandin*, we need not address the issue here. *See, e.g., Hatch v. District of Columbia*, 184 F.3d at 846, 851 (D.C. Cir. 1999) (comparing cases). In this case, Mr. Collier asserts that the atypical and significant hardship he suffered was administrative segregation per se, an argument clearly contrary to *Sandin*'s statement that "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law," 515 U.S. at 485, and therefore does not impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *id.* at 484. Mr. Collier has not alleged the creation of a liberty interest entitled to due process protection. Consequently, the district court did not abuse its discretion in denying him an evidentiary hearing.

We **AFFIRM** the judgment of the district court.[2]

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

---

[2]Mr. Collier is reminded that he must continue making payments on the fee for his appeal until the entire fee has been paid.